UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
13 NOV 19 AM 10:44
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

KENNETH COLLINS,

Plaintiff,

v.

CITY OF SEYMOUR; JERRY POLLY, in his individual capacity as officer for the Seymour Police Department; DEVIN CORNWELL, in his individual capacity as officer for the Seymour Police Department; MICHAEL CAROTHERS, in his official capacity as Sheriff of Jackson County; AMBER EASTERDAY, in her individual capacity as nurse for the Jackson County Jail; WILLLIAM DREES, in his individual capacity as officer for the Jackson County Jail; JOE BARNES, in his individual capacity as officer for the Jackson County Jail; CHARLIE MURPHY, in his individual capacity as Jail Commander for the Jackson County Jail; L. CAUDILL, in his individual capacity as officer for the Jackson County Jail; J.L MCELFRESH, in his individual capacity as officer for the Jackson County Jail; DOUG HOWARD, in his individual capacity as officer for the Jackson County Jail; NADIR AL-SHAMI, M.D., in his individual capacity; and ADVANCED CORRECTIONAL HEALTH, INC.,

Defendants.

Cause No.

1:13-cv-1838 TWP-DML

**COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY**

Plaintiff, by counsel, respectfully submits this complaint for damages as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff Kenneth Collins brings this lawsuit against the City of Seymour and two of its police officers, and the Jackson County Sheriff and various officers, entities and

individuals responsible for providing medical care for inmates at the Jackson County Jail. Collins seeks compensation for injuries sustained as a result of inadequate medical care following his arrest on August 12, 2012, and subsequent incarceration. This is an action pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of Indiana law.

## II. JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(3), as this lawsuit arises under 42 U.S.C. §1983 to redress the deprivation of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction to hear and decide Plaintiffs' claims under Indiana law pursuant to 28 U.S.C. § 1367.
2. A tort claim notice encompassing the claims expressed herein was filed by Plaintiff on or about February 1, 2013, thereby satisfying Indiana Code § 34-13-3-8.

## III. VENUE

3. Venue is proper in the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. This cause of action arose in Jackson County, Indiana, which is in the Southern District of Indiana.

## IV. PARTIES

4. Plaintiff Kenneth Collins was at all times relevant to this action a resident of the City of Seymour, County of Jackson, State of Indiana.
5. Defendant City of Seymour is a political subdivision located in Jackson County, Indiana, and was at all times relevant to this action the employer of Defendants Jerry Polly and Devin Cornwell. The City of Seymour is responsible for the acts and/or omissions of its employees taken in the scope of their employment.
6. Defendant Jerry Polly is and was at all times relevant to this action a Police Officer for the City of Seymour, acting within the scope of his employment and under color of state law. Defendant Polly is being sued in his individual capacity.
7. Defendant Devin Cornwell is and was at all times relevant to this action a Police Officer for the City of Seymour, acting within the scope of his employment and under color of state law. Defendant Cornwell is being sued in his individual capacity.
8. Defendant Michael Carothers is the duly elected Sheriff of Jackson County, and was at all times relevant to this action the employer of Defendants Amber Easterday, William Drees, Joe Barnes, Charlie Murphy, L. Caudill, J.L. McElfresh, and Doug Howard. The Jackson County Sheriff is responsible for the care and treatment of the inmates incarcerated in the Jackson County Jail. Defendant Michael Carothers is being sued in his official capacity.
9. Defendant Amber Easterday is and was at all times relevant to this action a Nurse for the Jackson County Sheriff Department, acting within the scope of her employment and under color of state law. Defendant Easterday is being sued in her individual capacity.

10. Defendant William Drees is and was at all times relevant to this action a Jail Officer for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. Defendant Drees is being sued in his individual capacity.
11. Defendant Joe Barnes is and was at all times relevant to this action a Jail Officer for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. Defendant Barnes is being sued in his individual capacity.
12. Defendant Charlie Murphy is and was at all times relevant to this action the Jail Commander for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. The Jail Commander is responsible for the day-to-day operations of the Jackson County Jail. Defendant Charlie Murphy is being sued in his individual capacity.
13. Defendant L. Caudill is and was at all times relevant to this action a Jail Officer for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. Defendant Caudill is being sued in his individual capacity.
14. Defendant J.L. McElfresh is and was at all times relevant to this action a Jail Officer for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. Defendant McElfresh is being sued in his individual capacity.
15. Defendant Doug Howard is and was at all times relevant to this action a Jail Officer for the Jackson County Sheriff Department, acting within the scope of his employment and under color of state law. Defendant Howard is being sued in his individual capacity.
16. Advanced Correctional Health, Inc., is an Illinois corporation with its principal place of business in Peoria, Illinois. Advanced Correctional Health contracts with the Jackson County Sheriff to provide medical care for inmates at the Jackson County Jail. Advanced

Correctional Health is and was at all times relevant to this action an employer of Dr. Nadir H. Al-Shami.

17. Defendant Dr. Nadir H. Al-Shami is and was at all times relevant to this action as an employee of Advanced Correctional Health, acting within the scope of employment and under color of state law. Defendant Dr. Nadir Al-Shami is being sued in his individual capacity.

## V. ALLEGATIONS

18. On August 12, 2012, Kenneth Collins was arrested by Defendant Officer Jerry Polly for DUI and transported to the Seymour Police Department.

19. At the time of his arrest Collins's BAC was 0.28, and Collins informed Officer Polly that he needed to go to the hospital because he was likely to undergo alcohol withdrawal.

20. The Jackson County Jail has a policy of not booking an arrestee whose BAC is above 0.25.

21. Officer Polly kept Collins at the Seymour Police Department for several hours until his BAC went down. Defendant Officer Devin Cornwell then took Collins to the Jackson County Jail and had Collins booked in.

22. When Officer Cornwell took Collins to the Jackson County Jail, Officer Cornwell falsely told the jail book-in officers that Collins had been taken to the emergency room and that emergency room doctors cleared Collins to go the jail.

23. After Collins arrived at the jail, Collins underwent alcohol withdrawal and experienced delirium tremens.

24. On Aug 15, 2012 Defendant Amber Easterday communicated with the doctor on-call for the Jackson County Jail, Dr. Butler, and was advised to administer Librium and a 5mg dose of Haldol and take Collins to the ER if his condition did not improve in 2 hours. Easterday subsequently communicated with Defendant Dr. Nadir Al-Shami and Dr. Al-Shami informed Easterday to take Collins to the ER for an evaluation. Easterday noted that Collins's delusion had not improved after the dose of 5mg of Haldol.
25. Collins's condition worsened and was taken to the emergency room at Schneck Medical Center on August 15, 2012, by Defendant Officer J.L. McElfresh.
26. Collins was given Librium and discharged after a couple of hours.
27. The hospital recommended against discharging Collins at that time, but officials from the jail, including but not limited to Officer McElfresh, insisted that he return to the jail.
28. After being discharged from the hospital, Collins returned to Jackson County Jail where his condition further deteriorated.
29. On August 16, 2012, Defendant Officer Joe Barnes noted that Collins's condition had worsened and Collins had not slept due to his alcohol withdrawal. Officer Barnes gave Collins a bottle of water, but did not offer any medical care.
30. On August 16, 2012 Defendant Jail Commander Charlie Murphy and Defendant L. Caudill took Collins to a padded cell. Murphy and Officer Caudill noted Collins urinated and drank two bottles of water.
31. On Aug 17, 2012 Officer Barnes noted Collins was having bad delirium tremens from alcohol withdrawal. Officer Barnes noted he could not obtain any vitals for Collins.

32. On Aug 17, 2012 Officer Barnes communicated to Dr. Al-Shami that Collins was suffering from worsening delirium tremens. Dr. Al-Shami ordered Officer Barnes to administer 50 mg of Librium that moment and 50 mg a day going forward.

33. At approximately 1:30 p.m. on August 19, 2012, Defendant Officer Doug Howard witnessed Collins remove the ear piece from his eyeglasses and use it to prod an open wound on his leg. Officer Howard took Collins's glasses, but did not inform medical personnel about Collins's abnormal and self-destructive behavior.

34. At approximately 10:35 p.m. on August 19, 2012, Defendant Officer William Drees administered medications to Collins. Officer Drees noted that Collins believed that, "he was in a room of a house and [couldn't] fix it."

35. On August 20, 2012, Officer Drees tended to Collins and provided Collins with 14 ounces of water. Officer Drees noted Collins believed that, "he [was] somewhere else and 2 kids [were] going around stealing stuff."

36. On August 22, 2012 at 9:30 am Easterday provided Collins with two dextrose tablets and a 14-ounce cup of water. Easterday noted that Collins "was not steady in his gait."

37. On August 22, 2012 at 1:30 pm Easterday tended to Collins noting Collins ate ½ a breadstick, two bites of a pear, and drank a 6 ounce cup of lemonade and a 14 ounce cup of water.

38. On August 23, 2012, Easterday noted Collins's mental status had decreased, and that he was unable to converse or maintain eye contact. Easterday noted Collins was unable to stand or sit up without assistance, had urinated on himself, and his skin was damp and yellow tinged.

39. Easterday administered Collins his medications and assisted him in eating 3 bites of a peanut butter sandwich and drink 8 ounces of alka seltzer water.

40. On August 23, 2012, Dr. Al-Shami advised Easterday to take Collins to the ER for lab work, fluids, and further evaluation for possible liver failure.

41. Collins's eating habits decreased from August 15, 2013 to August 23, 2013.

42. While in the Jackson County Jail, Collins's condition deteriorated to the point that he had no recollection of the time spent in the Jackson County Jail.

43. While in the Jackson County Jail, Collins suffered broken ribs and had multiple seizures due to his medical condition of delirium tremens.

44. By August 23, 2012, Collins's health had so deteriorated that he had hypothermia, hypotension, acute respiratory failure, dehydration, acute kidney injury and was returned to the E.R. at the Schneck Medical Center for treatment.

45. When Collins was taken to the Schneck Medical Center, he was sedated, put on a ventilator, and given treatment to raise his body temperature. He was kept in the ICU until September 4, did not regain consciousness until September 8, and was discharged from the hospital on September 12.

46. Collins's condition deteriorated due to the acts and omissions of Defendants Jerry Polly, Devin Cornwell, Amber Easterday, William Drees, Joe Barnes, Charlie Murphy, L. Caudill, J.L. McElfresh, Doug Howard, and Dr. Al-Shami.

## VI. ALLEGATIONS AGAINST DEFENDANTS JERRY POLLY, DEVIN CORNWELL, AND CITY OF SEYMOUR

47. The treatment of Collins by Defendants Jerry Polly and Devin Cornwell was objectively unreasonable. Defendants Jerry Polly and Devin Cornwell were aware that a BAC of over

0.25 constituted a medical emergency, as the Jackson County Jail had a policy of not accepting arrestees whose BAC exceeded that level.

48. Defendants Jerry Polly and Devin Cornwell should have taken Collins directly to the hospital due to his high level of intoxication.

49. Defendant Cornwell's false statement about taking Collins to the emergency room misled the officers and medical personnel at the Jackson County Jail about the treatment that Collins had received and prevented Collins from getting immediate medical attention.

50. The failure to take Collins directly to the hospital allowed his condition to deteriorate significantly and caused Collins to suffer unnecessary injuries that he would not otherwise have experienced, in violation of Collins's rights under federal and state law.

51. The City of Seymour is responsible under Indiana law for the acts and omissions of its police officers taken in the scope of their employment under the doctrine of *respondeat superior*.

## VII. ALLEGATIONS AGAINST DEFENDANTA AMBER EASTERDAY, WILLIAM DREES, JOE BARNES, CHARLIE MURPHY, CAUDILL, MCELFRESH, HOWARD AND CAROTHERS

52. The alcohol withdrawal and delirium tremens that Collins suffered while incarcerated in the Jackson County Jail from August 15, 2012, through August 23, 2012, constituted a serious medical condition, which required treatment that could not be provided at the Jackson County Jail.

53. Defendants Amber Easterday, William Drees, Joe Barnes, Charlie Murphy, L. Caudill, J.L McElfresh, and Doug Howard were aware of Collins's serious medical condition, and

were aware of the fact the Collins's condition could not adequately be treated at the Jackson County Jail.

54. The failure of Defendants Easterday, Drees, Barnes, Murphy, Caudill, and Howard to take Collins to Schneck Medical Center for emergency medical treatment until he was near death was objectively unreasonable and constituted deliberate indifference to his serious medical condition.

55. Defendant J.L. McElfresh's insistence that Collins be returned to the jail over the recommendations of medical personnel at the Schneck Medical Center was objectively unreasonable and constituted deliberate indifference to his serious medical condition

56. The failure to take Collins to the hospital when the need to do so became obvious, and the insistence that he be returned to the jail over hospital personnel's recommendation, allowed Collins's condition to deteriorate significantly and caused him to suffer unnecessary injuries that he would not otherwise have experienced, in violation of Collins's rights under federal and state law.

57. Defendant Michael Carothers, in his official capacity as Sheriff of Jackson County, is responsible under Indiana law for the acts and omissions of his employees taken in the scope of their employment under the doctrine of *respondeat superior*.

## VIII. ALLEGATIONS AGAINST DEFENDANT ADVANCED CORRECTIONAL HEALTH AND DEFENDANT DR. NADIR AL-SHAMI

58. Defendant Dr. Nadir Al-Shami was aware of Collins's serious medical condition of alcohol withdrawal and delirium tremens, which required treatment that could not be provided at the Jackson County Jail.

59. Defendant Dr. Nadir Al-Shami's failure to provide adequate medical treatment to Collins until his near death was objectively unreasonable and constituted deliberate indifference to his serious medical conditions.

60. Defendant Dr. Nadir Al-Shami allowed Collins's condition to deteriorate significantly causing Collins to suffer unnecessary injuries that he would not otherwise have experienced, in violation of Collins's rights under federal and state law.

61. Advanced Correctional Health is responsible under Indiana law for the acts and omissions of its employees taken in the scope of their employment under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff respectfully request the following relief:

1. To award actual damages to Plaintiff to adequately compensate him for his injuries;
2. To award punitive damages against: Defendants Jerry Polly, Devin Cornwell, Amber Easterday, William Drees, Joe Barnes, L. Caudill, J.L. McElfresh, Doug Howard, and Dr. Nadir Al-Shami, so as to deter them and others in similar situations from like conduct;
3. To award Plaintiff the costs of this action, reasonable attorney fees, pre-judgment interest, and all other relief which is proper and allowed under the law.

## IX. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Michael K. Sutherlin
Atty. No. 508-49

Samuel M. Adams
Atty. No. 28437-49

*Attorneys for Plaintiff*

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN 46244-1095
Tel.: (317) 634-6313
Fax.: (317) 631-8818
msutherlin@gmail.com