UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH  COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:13-cv-01838-TWP-DML |
| | ) |
| CITY OF SEYMOUR, JERRY POLLY, | ) |
| DEVIN CORNWELL, MICHAEL CAROTHERS, | ) |
| AMBER EASTERDAY, WILLIAM DREES, | ) |
| JOE BARNES, CHARLIE MURPHY, | ) |
| L. CAUDILL, J. L. MCELFRESH, | ) |
| DOUG HOWARD, NADIR AL-SHAMI, and | ) |
| ADVANCED CORRECTIONAL HEALTH, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO TRANSFER CASE

This matter is before the Court on Defendants', Joe Barnes, Michael Carothers, L. Caudill, William Drees, Amber Easterday, Doug Howard, J.L. McElfresh, and Charlie Murphy ("Defendants"), Motion to Transfer Case to New Albany Division (Dkt. 38).  For the following reasons, the Motion is **DENIED without prejudice**.

## I.  BACKGROUND

The Complaint alleges that on August 12, 2012, Plaintiff Kenneth Collins ("Mr. Collins") was arrested by Defendant Officer Jerry Polly ("Officer Polly") for driving under the influence, and was transported to the Seymour Police Department in Jackson County, Indiana.  Mr. Collins' blood alcohol content ("BAC") at the time of his arrest was 0.28, and Mr. Collins told Officer Polly that he needed to go to the emergency room because he was likely to undergo alcohol withdrawal.  The Jackson County Jail had a policy of not booking arrestees whose BAC was above 0.25, so Officer Polly kept Mr. Collins at the Seymour Police Department for several

hours until his BAC went down.  Defendant Officer Devin Cornwall ("Officer Cornwall") then took Mr. Collins to the Jackson County Jail to be booked in.  Officer Cornwall falsely told the Jail's book-in officers that Mr. Collins had been to the emergency room and was cleared.  After Mr. Collins arrived in the Jail, he underwent alcohol withdrawal and experienced delirium tremens.

On August 15, 2012, Defendant Amber Easterday ("Ms. Easterday") communicated with the Jackson County Jail's doctor-on-call, Dr. Butler, and was advised to give Mr. Collins Librium and a 5mg dose of Haldol, and to take Mr. Collins to the emergency room if his condition did not improve in two hours.  Ms. Easterday later communicated with Defendant Nadir Al-Shami ("Dr. Al-Shami"), who informed Ms. Easterday to send Mr. Collins to the emergency room for an evaluation.  Mr. Collins' condition worsened and he was taken to the emergency room by Defendant Officer J.R. McElfresh.  Mr. Collins was given Librium and was discharged and returned to the Jackson County Jail, against the hospital's recommendation.

Mr. Collins' condition worsened on August 16, 2012, but he was not given medical care. He was also placed in a padded cell.  On August 17, 2012, Defendant Officer Joe Barnes ("Officer Barnes") noted that Mr. Collins was having bad delirium tremens from alcohol withdrawal and he could not obtain any vitals for Mr. Collins.  Officer Barnes relayed this information to Dr. Al-Shami, who advised Officer Barnes to administer 50mg of Librium at that moment and per day going forward.

On August 19, 2012, Defendant Officer Doug Howard observed Mr. Collins engage in self-destructive behavior but did not inform medical staff.  Several Officers and Ms. Easterday interacted with Mr. Collins on August 19, 20, and 23, 2012, and all noted behavioral, mental, and physical issues.  On August 23, 2012, Dr. Al-Shami advised Ms. Easterday to send Mr. Collins

to the emergency room.   Mr. Collins had suffered from hypothermia, hypotension, acute respiratory failure, dehydration, acute kidney injury, broken ribs, and seizures.  At the emergency room, Mr. Collins was sedated, put on a ventilator, and given treatment to raise his temperature. He  was  admitted  to  the  Intensive  Care  Unit  until  September  4,  2012,  did  not  regain consciousness until September 8, 2012, and was discharged on September 12, 2012.

On November 19, 2013, Mr. Collins filed this action in the Southern District of Indiana, Indianapolis Division.  He asserts various state law and federal claims.  Each Defendant and Mr. Collins lives or works in Seymour, Indiana or Jackson County, Indiana, both of which are within the New Albany Division of the Southern District of Indiana.

## II. <u>DISCUSSION</u>

The parties agree that it was proper to file this action in the Southern District of Indiana, but Defendants move to transfer this action from the Indianapolis Division to the New Albany Division.  A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1), (2).  When a district does not have a divisional venue rule, the action can be filed in any division within that district.  *See Deputy v. City of Seymour*, No. 1:13-cv-412-JMS-DKL, 2013 WL 2474235, at *2 (S.D. Ind. June 7, 2013).  The Southern District of Indiana does not have a divisional venue rule, so it was not inappropriate for Mr. Collins to file this action in the Indianapolis Division.

Despite that proper venue exists in this case, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have brought."  28 U.S.C. § 1404(a).  The movant "has the

burden of establishing, by reference to particular circumstances, that the transferee forum is *clearly* more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986) (emphasis added). The court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* (or location) of material events and access to proof; and (4) the interests of justice. *No Baloney Mktg., LLC v. Ryan*, No. 1:09-cv-0200-SEB-TAB, 2010 WL 1286720, at *10–12 (S.D. Ind. Mar. 26, 2010).

Both parties cite to *Deputy*, a similar case out of this District. In *Deputy*, the plaintiff filed her case in the Indianapolis Division, although her home forum was located in the New Albany Division. 2013 WL 2474235, at *3. Further, the defendants were located in, and the series of events at issue occurred in the New Albany Division. Initially, the court noted that the plaintiff's choice of venue outside of her home venue was given little weight. *Id.* Then, the court determined that the factors cited above did not warrant transferring the case to the New Albany Division. The first two factors—convenience of the parties and witnesses—the court found did not weigh in favor of either party's position. *Id.* Specifically, the court stated:

> All parties and potential witnesses reside in or near Seymour, which is essentially equidistant between the Indianapolis Division and the New Albany Division. The distance to Indianapolis from Seymour is 65 miles (a one hour and four minute trip), whereas the drive to New Albany from Seymour is approximately 55 miles (a fifty-seven minute trip). This seven minute difference in travel time is not definitive with regard to the convenience of the parties or witnesses. Therefore, the Court concludes that the first and second factors do not clearly weigh in favor of either party's argument.

*Id.* Under the third factor, the court found the *situs* of events weighed slightly in favor of transfer to the New Albany Division. But again, the court noted that for practical purposes, the *situs* was equidistant between New Albany and Indianapolis. *Id.* Under the fourth factor—the interests of justice—the court found that it weighed only slightly in favor of transfer. The court explained:

4

> [T]here is no significant difference between the Indianapolis Division and the New Albany Division with regard to ensuring a speedy trial or having a judge familiar with the applicable law try the case. Regardless of the division, the case will be presided over by one of the District Judges for the Southern District of Indiana, all of whom have comparable caseloads and knowledge of the law.

*Id.* at *4. Finally, the court also discussed the role of selecting a jury under the fourth factor. The court recognized that the defendants may have an interest in drawing a venire from the New Albany Division, but noted that a vast majority of cases do not make it to the trial stage, lending this factor less weight. The court concluded that "[s]hould this case proceed to trial, however, this factor may dispositively weigh in favor of transferring this action to the New Albany Division so that a venire from that Division may be chosen." *Id.*

Here, the Court is faced with a strikingly similar case. Mr. Collins and all of the Defendants are located in Seymour, Indiana or Jackson County, Indiana. As explained by *Deputy*, this location is essentially equidistant or equal distance between New Albany and Indianapolis. Additionally, the *situs* of events occurred in Seymour, Indiana and Jackson County, Indiana. Therefore, none of the first three factors weigh in favor of either party's argument, and if so, only slightly. Under the fourth factor, the Court agrees with the *Deputy* court that there is no practical advantage to the transfer of this case to the New Albany Division at this stage of the proceeding. Defendants have not argued that the interests of justice are served by transfer, and while they note the discussion in *Deputy* about jury selection, they do not make a compelling argument that a jury drawn from the New Albany Division will better apply community standards if the case proceeds to jury trial. Defendants simply ask the Court to grant the transfer, despite acknowledging that the "factors to be considered either weigh in favor of transfer or *do not weigh in favor of either party's position.*" Dkt. 40 at 3 (emphasis added). This argument fails to meet Defendants' burden, which requires them to show that the transferee

5

forum is *clearly* more convenient.  The Court, therefore, follows the reasoning of *Deputy* and

**DENIES** the Motion to Transfer.

### III.  <u>CONCLUSION</u>

Accordingly, Defendants' Motion to Transfer (Dkt. 38) is **DENIED without prejudice**.

Recognizing that the balance of the factors may change if this action proceeds to jury trial, this

ruling is without prejudice to further consideration of the issue should a trial be necessary.

**SO ORDERED.**

Date: 01/24/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Rodney E. Farrow
FARROW & THOMPSON
farrow@farrowthompson.com

Kenneth Anthony Collier-Magar
LAW OFFICES OF COLLIER-MAGAR
kenneth@cmrlawfirm.com

Samuel Mark Adams
MICHAEL K. SUTHERLIN &
ASSOCIATES, PC
msutherlin@gmail.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN &
ASSOCIATES, PC
msutherlin@gmail.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com